## TOWN OF SALT CREEK
### v.
## COMMISSIONERS OF HIGHWAYS.

*Highways—Commissioners—Penalty for Neglect of Duty—Sec. 89, Road and Bridge Act.*

Commissioners of Highways are invested with some discretion as to the time when to require the removal of an obstruction in a highway. They will be liable for the statutory penalty only for a wilful neglect of duty.

[Opinion filed July 2, 1887.]

APPEAL from the Circuit Court of Mason County; the Hon. CYRUS EPLER, Judge, presiding.

Mr. I. R. BROWN, for appellant.

Mr. T. N. MEHAN, for appellees.

PLEASANTS, P. J.   This action was commenced before a Justice of the Peace and appealed to the Circuit Court, where a verdict was found and judgment entered thereon for defendants, appellees.   It was brought to recover a penalty for alleged neglect to perform a duty enjoined by the Road and Bridge Law.

Sec. 89 of that act, (Starr and Curtis' Statutes, Vol. II, p. 2163) declares that, "if the Commissioners of Highways shall refuse or neglect to perform any of the duties enjoined on them by this act, they shall severally forfeit not less than $10, nor more than $50, and may be proceeded against severally or jointly for the recovery of such forfeiture before any Justice of the Peace in the proper county having jurisdiction."   Sec. 67 of the same act is in the same terms except that it omits the words, " of Highways," after " Commissioners," contains the word "wilfully" before "neglect," and the words, "in the name of the town," after " proceeded against." ·

Sec. 71 prescribes penalties for obstructing a highway, among other ways, by leaving the cuttings of hedges thereon for more than ten days "and in case of placing any obstruction on the highway an additional sum of not exceeding $3 per day for every day he shall suffer such obstruction to remain after he has been ordered to remove the same by any of the Commissioners."

It further provides that the Commissioners, after having given reasonable notice to the person obstructing, of such obstructions, may remove the same and recover the necessary costs of such removal from the party obstructing, to be collected before any Justice of the Peace having jurisdiction.

Along the west line of a public highway for half a mile, on land of William Allen, in the town of Salt Creek, was an old hedge, twenty or twenty-five feet high, which the Commissioners in May, 1885, ordered him to cut down.   He did so, felling it into the highway and thus obstructing the west part, being about half of it.   In June they directed the path-master

to notify him to remove it. He saw the Commissioners in relation to it, and represented to them that on account of the pressure of his business it would be a serious hardship to be compelled to remove it then. It was green and heavy, and its removal would require considerable time and labor. The Commissioners had no means in hand with which to do it themselves. It was not really obstructing travel on the highway, which had always been wholly on the east part outside of the fallen hedge.

Under these circumstances they told him he might leave it for a time, unless some complaint of it should be made, and this withdrawal of the notice and the failure to renew it constitutes the neglect for which the suit was brought. He did leave it until November or December following, no complaint being made, and then removed it. In March, 1886, this action was brought, in the name of the town, but really by a party whom the Commissioners had recently prosecuted for refusing to comply with their order to him to cut down a hedge.

Upon these facts it is not strange that the jury refused to find such a neglect of duty as should subject these Commissioners to a forfeiture. We think they were invested with some discretion as to the time when the removal of this fallen hedge by Allen should be insisted on, to be exercised in view of the hardship to him as well as the interest of the public, since they were not in condition, for want of money, to remove it themselves, and having such discretion they would be liable only for wilful neglect of duty. Eyman v. The People, 1 Gilm. 4. If these complainants felt aggrieved, why did they not proceed against Allen for leaving the cuttings on the highway more than ten days? Or, if not disposed to prosecute for the penalty themselves, under Sec. 71, why did they not enter complaint to one of the Commissioners, and so impose upon them the imperative duty to proceed at once to investigate, and, if good cause appeared, to prosecute, under Sec. 74?

But comment is unnecessary. The statement of the case, we think, justifies the verdict, and no such error is perceived in the rulings of the court as would warrant a reversal.

*Judgment affirmed.*